UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-21358-UU

BANDENGROOTHANDEL MAST, B.V.,

    Plaintiff,

v.

SOUTHERN CROSS TRADING INTERNATIONAL CORP, *et al.*,

    Defendants

                                      /

## ORDER ON MOTION

THIS CAUSE is before the Court upon Defendant's Motion to Quash Order Granting Motion for Service by Publication. D.E. 14.

THE COURT has reviewed Defendant's Motion (D.E. 14), the pertinent portions of the record, and is otherwise fully advised in the premises. In the instant Motion, Defendant seeks to quash the Court's Order (D.E. 13), granting Plaintiff's request to serve Defendants by publication.

I. Background

On April 18, 2013, Plaintiff filed a single-count Complaint alleging that Defendant Southern Cross Trading Company, a Florida corporation, breached a contract for the sale of tires. D.E. 1. On May 5, 2013, Plaintiff filed an Amended Complaint, adding a second breach of contract claim, based on the same underlying facts, against Defendant Daniel Varela, allegedly the founder and Vice President of the corporate Defendant and a Florida resident. D.E. 5. On June 18, 2013, Plaintiff filed a Motion for Service by Publication under Fla. Stat. § 49.011, and

1

attached thereto an Affidavit of Diligent Search. D.E. 12. The Court granted the Motion, and directed Defendants to respond to the operative Complaint no later than July 15, 2013. On July 11, 2013, Defendants appeared specially through counsel and filed the instant Motion to Quash. D.E. 14. The matter is now ripe for disposition.

## II. Legal Standard

Under Federal Rule of Civil Procedure Rule 4, a plaintiff may serve an individual or corporate defendant in a federal suit "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court or located or where service is made." Fed. R. Civ. P. 4(e); *see also* Fed. R. Civ. P. 4(h) (providing that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual"). In Florida, service of process by publication is authorized under certain enumerated circumstances listed under section 49.011 of the Florida Statutes. *See* Fla. Stat. § 49.011 (listing fifteen instances where service by publication is authorized). "[S]trict and substantial compliance" must be shown in order to support service by publication under section 49.011. *Napoleon B. Broward Drainage Distr. v. Certain Lands Upon Which Taxes Due*, 160 Fla. 120, 33 So.2d 716, 718 (Fla. 1948).

## III. Analysis

Here, service by publication is improper because Fla. Stat. § 49.011 does not apply to breach of contract actions. Because service by publication "confers only *in rem* or *quasi in rem* jurisdiction upon the court," *Bedford Computer Corp. v. Graphic Press, Inc.* 484 So. 2d 1225, 1227 (Fla. 1986), Plaintiff cannot pursue a personal judgment for breach of contract against Defendants by such constructive service. *Drury v. Nat'l Auto Lenders, Inc.*, 83 So. 3d 951, 952 (Fla. 3d DCA 2012) (explaining that "[a] personal judgment against a defendant based upon

constructive service of process would deprive a defendant of his property without due process of law") (citations omitted); *see also Manheim Auto. Fin. Servs., Inc. v. Joey D's Auto Outlet, Inc.*, No. 8:12-cv-528-T-24MAP (M.D. Fla. Apr. 25, 2012) (Bucklew, J.) (concluding that section 49.011 is not applicable to breach of contract claim against corporate defendant). Although Plaintiff may be correct that Florida law permits service by publication against corporate defendants under certain circumstances not enumerated in Fla. Stat. § 49.011, *see*, *e.g.*, *Sierra Holding, Inc. v. Sharp Electronics Corp.*, 471 So. 2d 196, 197 (Fla. 4th DCA 1985) (holding that where a corporation is not amenable to service as required under Fla. Stat. § 48.091, "the requirement of diligent search and inquiry imposed as a condition precedent to constructive service should be considerably relaxed"), Plaintiff cites only one case, *Day-Tona Seabreeze, Inc. v. Thunderbird Operating Corp.*, 207 So. 2d 59 (Fla. 1st DCA 1968), in which a Florida court approved service by publication against a corporation in a breach of contract action. However, *Day-Tona Seabreeze, Inc.*, does not accord with the Florida Supreme Court's subsequent holding that service by publication is not effective in a breach of contract action, *Bedford Computer Corp.* 484 So. 2d at 1227, or the numerous rulings from Florida's intermediate courts of appeals that have applied *Bedford Computer Corp* to prohibit such constructive service in breach of contract actions. *See*, *e.g.*, *New England Rare Coin Galleries, Inc. v. Robertson*, 506 So. 2d 1161, 1162 (Fla. 3d DCA 1987) (relying on *Bedford Computer Corp.* to conclude that service of process by publication is not available to the plaintiff alleging breach of contract); *Zieman v. Cosio,* 578 So. 2d 332 (Fla. 3d DCA 1991) (same); *Hitt v. Homes & Land Brokers*, 993 So. 2d 1162 (Fla. 2d DCA 2007) (same); *Drury v. Nat'l Auto Lenders, Inc.*, 83 So. 3d at 952 (same).

IV. Conclusion

Because service by publication is not available in breach of contract actions under *Bedford Computer Corp.* and its progeny, Defendants' Motion to Quash is GRANTED and the Court's Order granting Service by Publication (D.E. 13) is VACATED. It is further

ORDERED AND ADJUDGED that the initial Planning and Scheduling Conference is hereby reset to August 23, 2013, at 9:30 a.m. In the event that Plaintiff has not executed service upon Defendants and filed a return of executed service within 120 days from the filing of the initial Complaint, the Court will dismiss Plaintiff's Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure Rule 4(m).

DONE AND ORDERED in Chambers at Miami, Florida, this _5th_ day of August 2013.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf